**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK BIESKI,** | : | **Civil Action No.** |
| **147 E Church Street** | : | |
| **Nanticoke, PA 18634** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **COMCAST CORPORATION,** | : | |
| **1 Comcast Way** | : | |
| **Duryea, PA 18642** | : | |
| | : | |
| **1701 John F. Kennedy Boulevard** | : | |
| **Philadelphia, PA 19103** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Mark Bieski (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Comcast Corporation (hereinafter "Defendant"), for violations of the Family and Medical Leave Act of 1993 ("FMLA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Comcast Corporation is a telecommunication conglomerate

with a location at 1 Comcast Way, Duryea, PA 18642 and with a headquarters located at 1701 John F. Kennedy Boulevard, Philadelphia, PA 19103.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. On August 17, 1987, Plaintiff was hired by Northeast Cable.

15. In or around 2005, Northeast Cable was acquired by Adelphia Cable and then subsequently purchased by Comcast.

16. As a result of the acquisition, Mr. Bieski became an employee of Comcast in the position of Maintenance Technician and was grandfathered in to the date of his hire with Northeast Cable.

17. Plaintiff was well qualified for his position and performed well.

18. In 2019, Plaintiff was required to apply for Intermittent FMLA in order to care for his mother with Alzheimer's disease and his uncle with prostate cancer.

19. Defendant approved Plaintiff's application for Intermittent FMLA in order to care for his mother and uncle with serious health conditions.

20. Afterwards, Plaintiff was required to take a leave of absence in the form of FMLA leave in order to provide further care for his mother and uncle with serious health conditions.

21. In early 2020, Plaintiff's uncle passed away.

22. On September 11, 2020, Plaintiff's mother passed away.

23. Due to the mental and emotional toll Plaintiff suffered as a result of caring for both his mother and uncle and their passing, he wanted to take a break from employment with Defendant.

24. Plaintiff contacted Renee Pilotti, Human Resource Representative, and inquired if Defendant was planning to conduct another buyout, as it previously had done in 2015.

25. Ms. Pilotti informed Plaintiff that Defendant was not planning to do a buyout anytime soon.

26. Plaintiff then notified William Brown, Supervisor of Maintenance Technicians, of his need for a break and to end his employment with Defendant.

27. Mr. Brown instructed Plaintiff to sign a handwritten document resigning his employment.

28. Mr. Bieski followed Mr. Brown's instructions.

29. Just a couple of weeks later, on October 20, 2020, Defendant announced that it would be conducting a buyout for employees, the next day on October 21, 2020.

30. Just a couple of days later, Plaintiff contacted Danielle Ellinger, Human Resource Manager, if he was eligible for Comcast's buyout.

31. However, Ms. Ellinger informed Mr. Bieski that the buyout came "out of the blue" and that he was not eligible for it.

32. This goes against Defendant's standard procedures, as Defendant previously gave approximately three (3) months' notice before its buyout in 2015.

33. Defendant prohibited Mr. Bieski from participating in its buyout due to his utilization of his rights under the FMLA.

### COUNT I – DISCRIMINATION/RETALIATION
### FAMILY AND MEDICAL LEAVE ACT

34. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

35. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

36. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for his mother's and uncle's serious medical conditions.

37. Plaintiff gave Defendant sufficient information to allow it to understand that he needed leave for FMLA-qualifying reasons.

38. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

39. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing his FMLA rights, Defendant has retaliated against Plaintiff by prohibiting him for participating in its buyout.

40. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

41. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

42. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or

non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

43. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

44. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mark Bieski, requests that the Court grant him the following relief against Defendant:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

|  |  |
|---|---|
|  | **RESPECTFULLY SUBMITTED,** |
|  | **KOLLER LAW, LLC** |
| Date: June 23, 2022 | **By:** */s/ David M. Koller*<br>David M. Koller, Esquire (90119)<br>Jordan D. Santo, Esquire (320573)<br>2043 Locust Street, Suite 1B<br>Philadelphia, PA 19103<br>215-545-8917<br>davidk@kollerlawfirm.com<br>jordans@kollerlawfirm.com<br><br>*Counsel for Plaintiff* |